**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ABDI MOHAMED SALEBAW,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-535-KC** |
| | § | |
| **WARDEN OF THE ERO EL PASO EAST MONTANA CAMP et al.,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Abdi Mohamed Salebaw's Petition for a Writ of Habeas Corpus, ECF No. 1. Salebaw was detained at the El Paso Camp East Montana Detention Center in El Paso, Texas. *Id.* ¶ 5. However, on February 17, he was transferred to the El Paso Behavioral Health System for medical care, where he remains in Respondents' custody. *Id.* ¶ 7. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 44–64; *id.* at 15–16.

Salebaw is a citizen of Somalia who fled persecution and entered the United States in 2004. *Id.* ¶ 35(1). In 2005 his asylum application was denied, and he appears to have been ordered removed. *Id.* ¶ 35(2). He was then released under an order of supervision ("OSUP") "as deportation to Somalia could not be effectuated." *Id.* Salebaw has "complied with all reporting duties and appeared before the ICE officer for annual check-ins" since he was released. *Id.* ¶ 35(3). He was also granted employment authorization. *Id.* On February 10, 2026, Salebaw was arrested by immigration authorities and re-detained. *Id.* ¶ 35(4). He argues that his OSUP was revoked without cause and without a determination that there is a significant likelihood that he will be removed in the reasonably foreseeable future. *Id.* ¶¶ 4, 39.

Prolonged detention of non-citizens under a final order of removal can become unconstitutional when detention exceeds six months. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). But this Court has held that a detainee who is subject to a final order of removal, is then determined to be unremovable and thus released from custody on an OSUP, and is later re-detained without a material change in circumstances, is not limited to a *Zadvydas* claim to challenge their detention. *See Trejo v. Warden of ERO El Paso E. Montana*, --- F.Supp.3d ----, 2025 WL 2992187, at *6–7 (W.D. Tex. Oct. 24, 2025). Once released, such individuals obtain a due process interest in remaining out of custody. *See id.* at *8. Unless the individual committed a crime or violated a term of their OSUP, there must have been some change that gave rise to a significant likelihood of removing the previously unremovable noncitizen to warrant re-detention. *See, e.g., Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *4–8 (W.D. Tex. Nov. 7, 2025).

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Salebaw the relief he seeks. Respondents are ordered to show cause by March 3, 2026.

Salebaw also requests that Respondents be prevented from transferring him outside the District. Pet. 16. Salebaw's transfer to another facility, however, may allow him to be more feasibly removed from the country. Transportation to a different facility would not divest this Court of jurisdiction over the habeas Petition. *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025). Accordingly, the Court declines to exercise its discretion to prevent transfer at this time.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **<u>no later than March 3, 2026</u>**, why the application for a writ of habeas corpus should not be granted and specify:

(1) What circumstances have changed that now make Salebaw's imminent removal to Somalia likely,

(2) What concrete steps have been taken to effectuate Salebaw's removal,

(3) What obstacles exist to effectuating Salebaw's removal, such as issuance of travel documents, or identifying a country for removal,

(4) What concrete steps have been taken to address the existing obstacles, and

(5) The anticipated timeline for Salebaw's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 24th day of February, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE