**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ABDI MOHAMED SALEBAW,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-535-KC** |
| | § | |
| **WARDEN OF THE ERO EL PASO EAST MONTANA CAMP et al.,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Abdi Mohamed Salebaw's Motion for a Temporary Restraining Order ("TRO Motion"), ECF No. 13. On May 7, 2026, Respondents filed a Status Report, ECF No. 9, informing the Court that Salebaw would be removed to Somalia before May 21. Salebaw now seeks "a temporary restraining order enjoining Respondents from violating [his] due process rights by removing him to Somalia without a meaningful opportunity to be heard on a potential fear-based claim for relief." TRO Mot. 1.

Salebaw states that he suffers from severe mental health issues stemming from the trauma he experienced in Somalia before coming to the United States over twenty-two years ago. *Id.* ¶¶ 5, 9. And that he was residing in an assisted living facility in Minnesota under the care of a licensed social worker prior to his detention. *Id.* ¶ 13. He argues that, if removed to Somalia, he will likely face persecution and torture there. *Id.* ¶ 6. He thus requests that the Court order his release from custody or a bond hearing and prevent his transfer outside the District and his removal from the United States. *Id.* at 12. Salebaw argues that he "challenges only the legality of his present civil detention" and "[h]e does not seek review of a final removal order and does not challenge the merits of removability." *Id.* ¶ 40.

However, Salebaw concedes that his asylum claim was denied in 2005 and that he was subsequently ordered removed from the United States to Somalia. *See id.* ¶¶ 2, 9. Despite Salebaw's claim that he has not been provided with "a meaningful opportunity to be heard on a potential fear-based claim for relief," his asylum claim appears to have been fully adjudicated. *See id.* at 1; *id.* ¶¶ 2, 9. As Salebaw concedes he is subject to a final order of removal and does not state that his removal has been deferred or stayed, he appears by all accounts to be removable. The only basis to challenge post-final-removal-order detention is under *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001), when that detention is indefinite and unreasonably prolonged. And by Salebaw's own admission, his removal is "imminent." TRO Mot. ¶ 32.

This Court does not have jurisdiction to review or stay his final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (citing 8 U.S.C. §§ 1252(g), (b)(9)). Thus, Salebaw is not entitled to the relief he requests.

Accordingly, the Court **ORDERS** that the TRO Motion, ECF No. 13, is **DENIED**.

**SO ORDERED**.

**SIGNED this 11th day of May, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE